IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAREN SMILEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civ. No.  MJM-23-1107 |
| | * | |
| ARIZONA BEVERAGES, LLC, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Karen Smiley ("Plaintiff") brings this putative class action under Federal Rule of Civil Procedure 23 against Arizona Beverages USA, LLC ("ABUSA") on behalf of herself and two classes of consumers, alleging violations of the Maryland Consumer Protection Act and unjust enrichment. ECF 14. Currently pending is ABUSA's motion to dismiss the First Amended Complaint and/or to stay this civil action. ECF 21. The Court has reviewed the motion, the parties' memoranda, and exhibits attached to ABUSA's memoranda, and has determined that a hearing on the motion is not necessary. L. R. 105.6. For the reasons explained below, this Court concludes that the instant case is parallel to a separate putative class action filed in the U.S. District Court for the Northern District of California and that a stay of the instant case is appropriate pending disposition of the parallel matter.[1] Accordingly, ABUSA's motion to stay will be GRANTED. This Order does not preclude Plaintiff from reasserting any surviving claims should the stay be lifted.

---

[1] The Defendant's motion to dismiss also argues that Plaintiff lacks standing to bring suit, that Plaintiff's request for injunctive relief is improper, and that Plaintiff's unjust enrichment claim is duplicative. ECF 21 at 1. Given the stay, the Court declines to address these issues at this stage. ABUSA may re-raise these issues when the stay be lifted. The motion to dismiss will be dismissed without prejudice.

1

I.    **Background**

On March 1, 2023, Infique Jamison filed a putative class action suit against ABUSA and Hornell Brewing Co. ("Hornell") in the U.S. District Court for the Northern District of California. *Jamison v. Ariz. Beverages USA, LLC*, Case No. 3:23-cv-920-RFL (N.D. Cal.) (hereinafter "*Jamison*"). Jamison sued on behalf of two putative classes, alleging that ABUSA and Hornell have been falsely marketing fruit snack products as containing no preservatives, knowing that the products do contain preservatives. *Jamison* ECF 1 (Compl.) ¶¶ 7–10. One of the putative classes consists of consumers of the defendants' products in California, and the other is a nationwide class of consumers. *Jamison* Compl. ¶ 66, ECF 28 (1st Am. Compl.) ¶ 60, ECF 59 (2d Am. Compl.) ¶ 76. Jamison filed a Second Amended Class Action Complaint on October 11, 2023. *Jamison* ECF 59. Following partial dismissal of claims in the Second Amended Class Action Complaint, *Jamison* ECF 72, ABUSA and Hornell filed a responsive pleading on January 16, 2024, *Jamison* ECF 76.

On April 26, 2023, Karen Smiley filed a Class Action Complaint against ABUSA in this Court (hereinafter, "*Smiley*") on behalf of two putative classes of consumers, alleging that the company has been falsely marketing sour fruit snack products as preservative-free. *Smiley* ECF 1 (Compl.) ¶¶ 4–7 (). On July 21, 2023, ABUSA filed a motion to dismiss and/or to stay the action. *Smiley* ECF 13. On August 11, 2023, Plaintiff filed a First Amended Class Action Complaint, *Smiley* ECF 14, and ABUSA subsequently filed a second motion to dismiss or stay, *Smiley* ECF 21. In its motion, ABUSA argues that, given the substantial similarity between the instant case and the *Jamison* action, a dismissal or stay is warranted by the first-to-file rule; and that Plaintiff lacks Article III standing, fails to plead fraud with particularity, and fails to state claims upon which relief may be granted. *Smiley* ECF 21 & 23. Plaintiff opposes the motion. *Smiley* ECF 22 (Opp'n).

**II.     Analysis**

The first-to-file rule holds that where parallel suits have been filed in different federal courts, principles of comity and judicial economy warrant the stay, transfer, or dismissal of the later-filed action, absent a showing that the balance of convenience favors the second action. *Ellicott Mach. Corp. v. Mod. Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (citing *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951), and other circuit courts). *See also Intellor Grp., Inc. v. Cicero*, Civ. No. TDC-19-0010, 2019 WL 1643549, at *3 (D. Md. Apr. 16, 2019); *Fisher v. Rite Aid Corp.*, Civ. No. RDB-09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d. 357, 360 (W.D.N.C. 2003). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). Courts have considered three factors to guide their application of the first-to-file rule, though the ultimate decision of whether to apply the rule lies within the court's discretion. *Intellor*, 2019 WL 1643549 at *3 (citations omitted). These factors are "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* Notably, however, the first-to-file rule "is not inflexible[,]" *id.*, but rather "yields to the interests of justice, and will not be applied when a court finds compelling circumstances supporting its abrogation," *LWRC Int'l, LLC v. Mindlab Media, LLC*, 838 F. Supp. 2d 330, 337–38 (D. Md. 2011) (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)).

A.     *Chronology of the Filings*

The *Jamison* action was filed first, having been filed in the Northern District of California on March 1, 2023, over a month before the instant case was filed in this Court. *Jamison* Compl.

The *Jamison* action is also further along in litigation. Following an unopposed motion to dismiss (*Jamison* ECF 62 & 67), which the court granted (*Jamison* ECF 72), ABUSA and Hornell filed an answer to Jamison's surviving claims (*Jamison* ECF 76), and the court has set a schedule for the parties to brief a forthcoming motion for class certification (*Jamison* ECF 73). The chronology of the filings favors a dismissal or stay of the instant action.

    B.    *Similarity of the Parties Involved*

The parties to the instant suit and to the *Jamison* action are substantially similar. As in the instant case, Jamison has filed a putative class action on behalf of two classes. In *Jamison*, one class—the California class—is defined as "all persons who purchased Defendants' Products within the State of California and within the applicable statute of limitations." *Jamison* 2d Am. Compl. ¶ 76. The second class—the nationwide class—is defined as "all persons who purchased Defendants' Products within the United States and within the applicable statute of limitations period." *Id.* In the instant case, Plaintiff defines the Maryland class as "[a]ll persons who purchased Defendant's Products within the State of Maryland and within the applicable statute of limitations period[.]" *Smiley* Am. Compl. ¶ 84. Plaintiff's Nationwide class is defined almost identically to that in the *Jamison* action: "All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period."[2] *Id.* In *Jamison*, the named defendants are ABUSA and Hornell (ABUSA's parent company), while ABUSA is the sole defendant in the instant case. *Smiley* Opp'n at 2.

---

[2] It bears noting that "Products" in the *Jamison* complaint refers to the defendants' "fruit snack products[,]" *Jamison* 2d Am. Compl. ¶ 1 n.1, while, in the instant case, "Products" refers to the defendant's "sour fruit snack products[,]" *Smiley* Am. Compl. ¶ 1, which appears to be a sub-set of the products at issue in *Jamison*. Minute gradients of difference between two classes will not preclude application of the first-to-file rule. *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689–90 (E.D. Tenn. 2005).

Plaintiff cites the decision of the U.S. District Court for the Eastern District of Missouri in *Martin v. Medicredit, Inc.*, Case No. 4:16-cv-1138-ERW, 2016 WL 6696068 (E.D. Mo. Nov. 15. 2016), in support of her argument that the overlap in parties to the instant action and the *Jamison* action is not adequate to find the two cases parallel. *Smiley* Opp'n at 5. Plaintiff's reliance on *Martin* is misplaced.

Although the *Martin* court declined to apply the first-to-file rule, it made this decision only after finding "significant disparities in definitions of the putative classes." 2016 WL 6696068 at *4–5. In contrast, the putative nationwide classes in the instant case and the *Jamison* action are practically identical, and both encompass the putative Maryland class in the instant case and the putative California class in *Jamison*. The instant case is more akin to *Fisher*, in which the Court applied the first-to-file rule based in part on substantial overlap between classes that were similarly defined in class actions filed in this Court and in the Middle District of Pennsylvania. 2010 WL 2332101, at *2 (citing *Fuller*, 370 F. Supp. at 689–90).

Additionally, in *Martin*, the court found "a lack of identity among the defendants" in the two suits at issue. 2016 WL 6696068, at *4. While two defendants were only parties to the earlier-filed suit, another defendant in the later-filed suit was not sued in the earlier-filed action. *Id.* Here, in contrast, the only difference between the defendants in the instant case and the *Jamison* action is that ABUSA's parent company is also a named defendant in *Jamison*. There is no risk of any defendant escaping liability by applying the first-to-file rule here in favor of the *Jamison* action.

The Court finds the parties here and in the *Jamison* case to be substantially similar.

C.     *Similarity of the Issues and Claims at Stake*

The issues and claims at stake in the instant case and in the *Jamison* action are also substantially similar. Jamison has brought claims against ABUSA and its parent company for

5

alleged violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, and for unjust enrichment. *Jamison* 2d Am. Compl. ¶¶ 86–125. Here, Plaintiff brings claims against ABUSA for alleged violations of the Maryland Consumer Protection Act and unjust enrichment. *Smiley* Am. Compl. The state laws at issue in the two cases substantially overlap. The Maryland statute prohibits "unfair, abusive, or deceptive trade practices," including making "false . . . or misleading written statement[s] [and] visual description[s]" and representing that one's goods have "a sponsorship approval, accessory, characteristic, ingredient, use, benefit or quantity which they do not have." MD. CODE ANN., COM. L. § 13-301. The California laws invoked in *Jamison* prohibit "unlawful, unfair or fraudulent" business practices, CAL. BUS. & PROF. CODE § 17200; disseminating false or misleading claims concerning professional goods or services, *id.* § 17500, and "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have[,]" CAL. CIV. CODE. § 1770(a)(5). Although the Maryland and California statutes are not identical, the overlap is substantial enough to warrant application of the first-to-file rule. *See Hinton v. Naked Juice Co.*, Civ. No. AW-11-3740, 2012 WL 1552873, at *1–2 (D. Md. Apr. 30, 2012) (applying first-to-file rule where there was "considerable overlap" between the causes of action under a Maryland consumer protection statute and comparable laws in California); *Fisher*, 2010 WL 2332101, at *3 (minor distinctions between causes of action will not preclude application of the first-to-file rule).

Plaintiff contends that the two suits are not substantially similar because the instant suit concerns "sour fruit" snack products and four specific chemical preservatives identified in her First Amended Class Action Complaint, while the *Jamison* suit "only" concerns "mixed fruit" snack products and just two of the four chemical preservatives at issue in the instant case. *Smiley* Opp'n

at 3. The Court does not find the *Jamison* case to be limited in this way. The Second Amended Class Action Complaint in *Jamison* alleges "deceptive and misleading practices with respect to [the defendants'] labeling and sale of their fruit snack products (the 'Products')." Jamison 2d Am. Compl. ¶ 1. Although "Products" includes "mixed fruit" snack products, *Jamison* 2d Am. Compl. ¶ 1 n.1, there is no indication that Jamison intends to exclude "sour fruit" snack products from the scope of her claims. Similarly, although the Second Amended Class Action Complaint in *Jamison* appears to focus on citric acid and ascorbic acid as specific preservatives contained in ABUSA's fruit snack products, *id.* ¶¶ 29–42, it alleges several times that the products contain "preservatives" without indication that Jamison intends to restrict her claims to citric acid and ascorbic acid, *see, e.g., id.* ¶¶ 5, 6, 45, 73. In the instant case, Plaintiff appears to restrict her claims to ABUSA's "sour fruit" snack products, *Smiley* Am. Compl. ¶ 1, an apparent subset of the fruit snack products at issue in *Jamison*. The narrower scope of the instant case does not preclude application of the first-to-file rule in favor of the broader, earlier-filed *Jamison* matter. *See Paracha v. Gen. Mills, Inc.*, Case No. CV-18-07659-CJC, 2019 WL 13040495, at *3 (C.D. Cal. Jan. 7, 2019) ("The fact that the two cases involve slightly different sets of products does not preclude application of the first-to-file rule.").

    D.    *Balance of Convenience and Other Considerations*

Plaintiff has not shown that the balance of convenience or any other compelling circumstances warrant allowing the instant action to proceed despite duplicative, parallel litigation in the *Jamison* matter. *See LWRC Int'l*, 838 F. Supp. 2d at 337–38 ("The [first-to-file] rule . . . yields to the interests of justice, and will not be applied when a court finds compelling circumstances supporting its abrogation."); *Intellor*, 2019 WL 1643549, at *3 ("Under the [first-to-file] rule, "the first suit should have priority, 'absent the showing of balance of convenience in

favor of the second action.'") (quoting *Ellicott Mach.*, 502 F.2d at 180 n.2). There has been no showing of forum shopping or that the *Jamison* suit was filed in bad faith.

Accordingly, the first-to-file rule is properly applied to this case. A stay will be ordered instead of dismissal because it would avoid need for Plaintiff to re-file her claims in a separate case if she does not obtain relief in the *Jamison* suit.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Defendant Arizona Beverages, LLC's Motion to Dismiss the First Amended Complaint and/or to Stay the Action (ECF 21) is GRANTED IN PART; and it is further

ORDERED that this civil action is STAYED until further Order of the Court, without prejudice to Defendant later asserting arguments that the matter should be dismissed when the stay is lifted; and it is further

ORDERED that the parties shall file a status report within 21 days of any final judgment or order of dismissal in *Jamison v. Arizona Beverages USA, LLC*, Case No. 3:23-cv-920-RFL (N.D. Cal.), or a motion to lift the stay when appropriate; and it is further

ORDERED that Defendant's Motion to Dismiss Complaint and/or Stay Action (ECF 13) is DENIED AS MOOT.

  January 29, 2024                                         /S/
Date                                                      Matthew J. Maddox
                                                          United States District Judge